## HAGAN v STATE OF FLORIDA
### Case No. 88-541-AC-A
Eighteenth Judicial Circuit, Brevard County

November 11, 1988

### APPEARANCES OF COUNSEL

**Doris Landis Raskin**, Assistant Public Defender, for appellant.

**Todd A. McDowell**, Assistant State Attorney, for appellee.

Before MOXLEY, GOSHORN, JOHNSTON, JJ.

### OPINION OF THE COURT

JOHN DEAN MOXLEY, Jr., Circuit Judge.

The issue that confronts the Court is whether the plaintiff commented impermissibly on the silence of the accused, and if it did so, whether there is reasonable possibility that this error contributed to the verdict. The appellant was accused of driving an automobile under the

influence of an alcoholic beverage. This is constitutional error because there was comment on the accused's silence after he has received warnings under *Miranda v Arizona*, 384 U.S. 436 (1966).

Bruce Griffin testified that he read the accused in *Miranda* warning including the specific right to stop answering questions at any time. Thereafter, he testified that the appellant refused to answer the question whether he had been drinking and whether he was under the influence. These answers of Officer Griffin are fairly susceptible of being interpreted as being a comment on the appellant's silence. *State v DiGuilio*, 491 So.2d 1129 (Fla. 1986).

Despite this constitutional error, we must determine whether it is harmless. A review of the record has revealed there was substantial evidence supporting the verdict. However, it can not be clearly said that there was no reasonable possibility that commenting on these specific refusals to answer relevant questions on lack of sobriety did not contribute to the appellant's conviction. The error therefore is harmful and we reverse and remand this case for further proceedings in accord herewith.

JUDGES GILBERT S. GOSHORN, JR., and LAWRENCE V. JOHNSTON, III, concur.